**Raymond PADILLA, Plaintiff—Appellant,**

v.

**Jackie CRAWFORD; et al., Defendants—Appellees.**

**No. 06–16017.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Raymond Padilla, Ely, NV, pro se.

Allen D. Gibson, AGNV–Office of the Nevada Attorney General, Carson City, NV, Martina Geinzer, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Raymond Padilla, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989). We affirm in part, vacate in part, and remand for further proceedings.

The district court properly granted summary judgment to defendant Guinn because Padilla made no allegations that Guinn participated in, or had knowledge of, the alleged misconduct. *See Taylor,* 880 F.2d at 1045 (explaining there is no respondeat superior liability under section 1983).

The district court improperly granted summary judgment to the remain-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing defendants because the record shows that Padilla was denied refills of prescription medicine, and therefore showed the existence of a triable issue. *See Wakefield v. Thompson*, 177 F.3d 1160, 1164 (9th Cir.1999) (finding that the denial of prescription medicine constituted deliberate indifference to a prisoner's serious medical needs); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992) (stating that the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment" is a serious medical need), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997). Defendants' subsequent reliance on the opinion of a non-treating physician does not preclude a finding of deliberate indifference. *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir.1992), *abrogated on other grounds, Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In light of this disposition, the district court's orders dismissing as moot Padilla's motions for a preliminary injunction and a default judgment are also vacated.

Each party shall bear his own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**